# IN THE WESTERN DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SHARRY MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY OF KANSAS CITY, MISSOURI, ) | No. 09-00331-CV-W-FJG |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Currently pending before the Court is defendant's Motion for Partial Dismissal (Doc. # 3).

## I. BACKGROUND

On April 30, 2009 this case was removed from Jackson County Circuit Court. In her Amended Complaint, plaintiff alleges illegal retaliation in violation of 42 U.S.C. § 1981, wrongful discharge in violation of public policy and FMLA retaliation. The City of Kansas City has moved to dismiss Count II (wrongful termination) because it sounds in tort. The City states that it enjoys sovereign immunity as to those claims and the plaintiff has failed to allege facts that would constitute a waiver under Mo.Rev. Stat. § 537.600.

## II. STANDARD

In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . .on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (internal citations and quotations omitted). The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, the complaint must be dismissed." Id. at 1974.

### III. DISCUSSION

The City states that in her Complaint, plaintiff alleges that the City wrongfully terminated her employment because she refused to falsify payroll records. Plaintiff alleges that the termination was outrageous and was an intentional tort. The City argues that pursuant to the doctrine of sovereign immunity, public entities are protected from liability for tortious acts. There are two statutory exceptions to the doctrine, but the City states that they are not applicable. In opposition, plaintiff argues that the City's sovereign immunity has likely been waived by the purchase of liability insurance. Plaintiff asks that the Court overrule the Motion to Dismiss or allow plaintiff an extension of time so that she may investigate the insurance issue further. The City acknowledges in its reply suggestions that sovereign immunity can be waived by the purchase of

insurance. However, the City states that on a motion to dismiss, the Court must look only to the face of the pleadings and because plaintiff did not plead the existence of insurance in the pleadings, then the Court may not consider the possibility of insurance as constituting a waiver when ruling on the motion to dismiss.

Rather than ruling on defendant's motion when the issue of insurance and waiver is undetermined, the Court finds that the better course is to **PROVISIONALLY DENY** defendant's Motion for Partial Dismissal (Doc. # 3). Plaintiff may file a motion to amend her petition to raise this issue and the parties may conduct discovery on the issue of insurance. If necessary, the defendant may then raise the issue of sovereign immunity in a subsequent motion to dismiss.

### III. CONCLUSION

Accordingly, for the reasons stated above, defendant's Motion for Partial Dismissal (Doc. # 3) is hereby **PROVISIONALLY DENIED**.


Date: 06/18/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

3